IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MADISON AT HAMLIN PLANTATION TOWNHOME ASSOCIATION, INC. and Timothy J. Rollins, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JW HOMES, LLC; RESIDENTIAL PARTNERS, LLC; WHEELOCK STREET CAPITAL, LLC; and JOHN WIELAND, individually,<br><br>Defendants. | CIVIL ACTION NO.  2:15-cv-4120-PMD<br><br><br>JW HOMES, LLC AND RESIDENTIAL PARTNERS, LLC'S NOTICE OF REMOVAL AND PETITION FOR REMOVAL |

TO: THE UNITED STATES DISTRICT FOR THE DISTRICT OF SOUTH CAROLINA, CHARLESTON DIVISION; THE COURT OF COMMON PLEAS FOR CHARLESTON COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Defendants, JW Homes, LLC and Residential Partners, LLC, in the above-caption matter, which was originally filed in the Court of Common Pleas of Charleston County, South Carolina, has been removed to the United States District Court for the District of South Carolina, Charleston Division, on the following grounds:

**REMOVAL BASED ON DIVERSITY JURISDICTION
AND THE CLASS ACTION FAIRNESS ACT:**

1.  Defendants JW Homes, LLC ("JWH") and Residential Partners, LLC, ("RP") hereby remove to the United States District Court for the District of South Carolina, Charleston Division this putative class action lawsuit from the Court of Common Pleas for the Ninth Judicial Circuit, County of Charleston, South Carolina, where it was filed by Plaintiffs on

September 4, 2015, and assigned Case No. 2015-CP-10-4898. A copy of the original Summons and Complaint, Plaintiffs' Motion for Writ of Commission Requesting the Issuance of a Foreign Subpoena for the Production of Documents and the Deposition of John Wieland, and Order Granting Plaintiffs' Motion for Writ of Commission Requesting the Issuance of a Foreign Subpoena for the Production of Documents and the Deposition of John Wieland is attached as **Exhibit A**. These documents constitute "a copy of all process, pleadings, and orders served upon" these Defendants. 28 U.S.C. § 1446(a).

2.     The time within which these Defendants are permitted to file their Notice of Removal under 28 U.S.C. § 1446 has not expired as of the time of the filing and service of this Notice of Removal. See 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."). These Defendants were served with a copy of the Summons and Complaint on on September 14, 2015.

3.     This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332(d), and this action may be removed from the Charleston County Court of Common Pleas, because it was filed as a "class action" pursuant to Rule 23, South Carolina Rules of Civil Procedure, (Compl. ¶¶ 54-63); involves a proposed class in excess of one hundred members (Compl. ¶ 55) and meets the minimum aggregate claim requirement of $5,000,000.00 as set forth in greater detail in Paragraph 5 below; and meets the required diversity standard as set forth in greater detail in Paragraph 6 below.

4.     Specifically, 28 U.S.C. § 1332(d)(2) provides that district courts shall have original jurisdiction over any putative class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . . ." In order to determine the

amount in controversy, 28 U.S.C. § 1332(d)(6) provides that "the claims of the individual class members shall be aggregated . . . ." In the instant case, Plaintiffs have not alleged a specific amount in controversy. However, the allegations of the Complaint demonstrate that the amount in controversy, exclusive of interest and costs, easily exceeds $5,000,000.00. See 28 U.S.C. § 1332(d)(2), (6). To wit:

    a.    The Complaint prays for an award of "actual, consequential, and special damages; statutory or punitive damages; reasonable attorneys' fees; costs of suit; prejudgment interest"; in "an amount to be determined by the jury" arising from damage from 114 townhomes contained in 25 buildings located in Hamlin Plantation (Compl. ¶ 3).

    b.    Plaintiffs' request for punitive damages and attorney's fees are all properly considered in determining whether the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs. See Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933); Miller v. S. Bell Tel. & Tel. Co., 279 F. 806, 809-810 (4th Cir. 1922); Woodward v. Newcourt Comm. Fin. Corp., 60 F. Supp. 2d 530 (D.S.C. 1999).

    5.    As set forth below, the parties to this action demonstrate the required degree of diversity to support removal. See 28 U.S.C. § 1332(d)(2). The Plaintiff Madison at Hamlin Plantation Townhome Association, Inc. is a non-profit corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina and thus is a citizen and resident of South Carolina for diversity purposes. (Compl. ¶ 1). The Plaintiff Timothy J. Rollins is a citizen and resident of Charleston County, South Carolina and thus a resident of South Carolina for diversity purposes. (Compl. ¶ 6). Defendants JWH, RP and Wheelock Street Capital, LLC ("Wheelock") are corporations organized and existing pursuant to the laws of states other than South Carolina (Compl. ¶ 14, 16, 17) with principal places of

business in other states other than South Carolina. Defendant John Weiland is a natural person and a citizen of the State of Georgia (Compl. ¶ 12). Thus Defendants are completely diverse in their citizenship from that of the Plaintiffs.

6. Plaintiffs and all Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. Therefore, this Court has original jurisdiction over this matter and this action is removable by these Defendants with or without the consent of the other defendants pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b).

7. None of the exceptions to original jurisdiction set forth in 28 U.S.C. § 1332(d)(9) apply to this action.

8. Removal to this district and division is proper under 28 U.S.C. § 1441(a) because this is the district and division embracing the place where the action is pending.

9. These Defendants will timely provide a copy of the Notice of Removal to the Clerk of Court for Charleston County.

10. These Defendants have simultaneously served herewith Rule 7.1 Corporate Disclosure Statement, Responses to Local Rule 26.01 Interrogatories and Answers to the Complaint.

WHEREFORE, these Defendants JW Homes, LLC and Residential Partners, LLC, request that this Court accept this Notice of Removal and undertake jurisdiction in the above-captioned cause of action now pending in the Court of Common Pleas for Charleston County, South Carolina, that the same be removed to this Court, and that all proceedings in this case in the Court of Common Pleas for Charleston County, South Carolina, be stayed.

                                      /s/ Marvin D. Infinger
                                      Marvin D. Infinger    Fed ID No. 4589
                                      NEXSEN PRUET, LLC
                                      205 King Street, Suite 400 (29401)
                                      P.O. Box 486
                                      Charleston, South Carolina  29402
                                      Phone:  843.577.9440
                                      Facsimile:  843.414.8243
                                      minfinger@nexsenpruet.com

October 6, 2015                           Attorneys for Defendants
                                      *JW Homes, LLC and Residential Partners, LLC*

Charleston, South Carolina

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been served upon the following counsel of record by US Mail and by electronically filing it with the clerk of the court using the CM/ECF system on this 6th day of October, 2015.

Justin Lucey
Joshua F. Evans
415 Mill Street
Post Office Box 806
Mount Pleasant, SC  29465-0806

Attorneys for Plaintiffs

/s/ Marvin D. Infinger
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401